UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SAM WORRELL,

                                Plaintiff,

       v.

212 MIDDLE NECK LLC, TWO SICKLES
STREET PARTNERS, L.L.C., ELIZABETH
ASSOCIATES, L.L.C., 910 FRANKLIN LLC, DR
FULTON LLC AND ENDLESS VENTURES INC.,

                              Defendants.

------------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff Sam Worrell ("Plaintiff"), by counsel, Hanski Partners LLC, as and for

the Complaint in this action against Defendants 212 Middle Neck LLC, Two Sickles

Street Partners, L.L.C., Elizabeth Associates, L.L.C., 910 Franklin LLC, Dr Fulton LLC

and Endless Ventures Inc. (collectively referred to as "Defendants"), hereby alleges upon

information and belief as follows:

## INTRODUCTION

1.  Plaintiff is an individual with a disability who requires a wheelchair for

mobility.

2.  Defendants own, lease, lease to, operate and/or control a place of public

accommodation, the pizzeria doing business as Little Italy Pizza located at 50 Fulton

Street in New York County, New York.

3.  Defendants created and maintain the Little Italy Pizza premises with

architectural elements that function as barriers to wheelchair access.

4.  The Little Italy Pizza premises is therefore not readily accessible to and

usable by individuals with disabilities who use wheelchairs.

5.      By creating and maintaining architectural barriers at the Little Italy Pizza premises, Defendants denied, and continue to deny, Plaintiff full and equal enjoyment of the pizzeria's goods, services, facilities, privileges, advantages, and accommodations based on disability.

## NATURE OF THE CLAIMS

6.      This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").

7.      As explained more fully below, Defendants own, lease, lease to, operate, and/or control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

8.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities, all in the hopes that they would never be caught.  In so doing, Defendants

2

made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendants to accept responsibility.

9.      This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

11.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

12.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

*Plaintiff*

13.      At all times relevant to this action, Plaintiff Sam Worrell has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

14.      At all times relevant to this action, Plaintiff Sam Worrell has been and remains a resident of the State and City of New York.

3

15.     Plaintiff resides across the street from the pizzeria located at 50 Fulton Street in New York County, New York and doing business as Little Italy Pizza.

*Landlord Defendants*

16.     Defendants 212 Middle Neck LLC, Two Sickles Street Partners, L.L.C., Elizabeth Associates, L.L.C., 910 Franklin LLC and Dr Fulton LLC (collectively, "Landlord Defendants") own the commercial (retail) unit at the condominium property located at 50 Fulton Street in New York County, New York as tenants in common (said commercial (retail) unit hereinafter referred to as "50 Fulton Street retail").

*Endless Ventures Inc.*

17.     At all relevant times, defendant Endless Ventures Inc. operates a pizzeria doing business as Little Italy Pizza which sells, among other things, pizza by the slice.

18.     At all relevant times, defendant Endless Ventures Inc. operates and/or leases from Landlord Defendants a portion of the 50 Fulton Street retail in which the pizzeria doing business as Little Italy Pizza is located (hereinafter referred to as the "Little Italy Pizza premises").

19.     Upon information and belief, Landlord Defendants and Endless Ventures Inc. have a written lease agreement.

20.     Endless Ventures Inc. is licensed to do business and does business in New York State.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

21.     Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Little Italy Pizza premises located at the 50 Fulton Street retail, within the meaning of the ADA (42 U.S.C.

4

§ 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

22. The Little Italy Pizza premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102) as it is a facility operated by a private entity and its operations affect commerce.

23. Numerous architectural barriers exist at the Little Italy Pizza premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

24. Upon information and belief, at some time after January 1992, alterations were made to the 50 Fulton Street retail, including areas adjacent and/or attached to the 50 Fulton Street retail.

25. Upon information and belief, at some time after January 1992, alterations were made to the Little Italy Pizza premises, and to areas of the 50 Fulton Street retail related to the Little Italy Pizza premises.

26. Prior to being occupied by the pizzeria doing business as Little Italy Pizza, the eastern portion of the Little Italy Pizza premises was occupied by a t-shirt store doing business as Red and Blue NY Inc. and the western portion of the Little Italy Pizza premises was occupied by a locksmith and a newsstand.

27. During the first half of the 2024 calendar year, Plaintiff would patronize the Little Italy Pizza premises one or more times a month to purchase a slice of pizza.

28.     Plaintiff typically purchased a slice of pizza on his way home from being out and about as he resides across the street from the Little Italy Pizza premises, and it is the closest pizzeria to his residence.

29.     Plaintiff would also purchase pizza from the Little Italy Pizza premises after a late night out with his friends as it operates into the early morning hours.

30.     Plaintiff typically purchased either the Spicy Pepperoni Sicilian or White Pizza when patronizing the Little Italy Pizza premises because he particularly enjoyed those varieties.

31.     Until the summer of 2024 Plaintiff entered the Little Italy Pizza premises to purchase his pizza.

32.     However, Plaintiff never dined inside the premises because the dining tables did not provide an accessible dining surface that he could use.

33.     His inability to dine inside the premises because of the noncompliant dining tables marred Plaintiff's experience.

34.     Although both public entrances to the Little Italy Pizza premises presented accessibility barriers, Plaintiff used the western public entrance to enter and exit the premises.

35.     Plaintiff could not use the eastern public entrance because it required him to traverse steps.

36.     The western public entrance also presented significant accessibility barriers because it lacked level maneuvering clearances and the exterior ramp was excessively steep, causing Plaintiff to fear that he would tip over each time he exited the premises.

6

37.     The fear of tipping over each time he exited the premises marred Plaintiff's experience.

38.     Nevertheless, because Plaintiff enjoyed the Spicy Pepperoni Sicilian and White Pizza served at the Little Italy Pizza premises, lived across the street from the premises, and valued its extended hours of operation, he continued to patronize the pizzeria despite the hazards presented by the noncompliant western public entrance.

39.     Plaintiff continued to navigate the hazardous conditions at the western public entrance until the summer of 2024.

40.     In the summer of 2024 Plaintiff almost injured himself as he exited the western public entrance of the Little Italy Pizza premises.

41.     Plaintiff lost control of his wheelchair as a result of the steepness of the ramp at the westerly public entrance.

42.     A pedestrian intervened and assisted Plaintiff, which spared Plaintiff from injury.

43.     Following that incident, Plaintiff stopped attempting to enter the Little Italy Pizza premises because the western public entrance posed, and continues to pose, a danger to his safety.

44.     Plaintiff has never attempted to use the eastern public entrance because it was, and remains, obstructed by steps that he cannot traverse.

45.     Since that incident, Plaintiff has not personally entered the Little Italy Pizza premises.

46.    Following that incident, Plaintiff had to rely on the assistance of strangers to order a slice of pizza from the Little Italy Pizza premises on his behalf on multiple occasions, including as recently as February and May 2026.

47.    Following that incident, Plaintiff had to rely on the honesty of the strangers that assisted him with purchasing the pizza for him from the Little Italy Pizza premises.

48.    Although those assisted purchases allowed Plaintiff to obtain pizza from the Little Italy Pizza premises, they did not allow him to independently enter or patronize the Little Italy Pizza premises.

49.    Plaintiff does not wish to rely on strangers to purchase pizza on his behalf.

50.    As an adult, Plaintiff desires to exercise the same independence as other patrons by entering the Little Italy Pizza premises and purchasing food without relying on strangers for assistance.

51.    Plaintiff also desires to dine in at the Little Italy Pizza premises.

52.    Plaintiff desires to patronize the Little Italy Pizza premises because he enjoys the pizza it sells.

53.    Plaintiff also desires to patronize the Little Italy Pizza premises because it is conveniently located directly across the street from his residence.

54.    Plaintiff also desires to patronize the Little Italy Pizza premises because of its extended hours of operation.

55.    Plaintiff, however, is unwilling to risk his safety again by attempting to navigate the hazardous and noncompliant western public entrance.

56.     The services, features, elements and spaces of the Little Italy Pizza premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 C.F.R. Part 1191, Appendices B and D, and 28 C.F.R. part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

57.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the NYSHRL, NYCHRL, 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Little Italy Pizza premises that are open and available to the public.

58.     The Little Italy Pizza premises has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"), the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014/2022 Ref Std") and the 2022 New York City Building Code ("2022 BC"), including the 2014/2022 Ref Std.

59.     Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Little Italy Pizza premises as well as architectural barriers that exist include, but are not limited to, the following:

9

Case 1:26-cv-06887     Document 1     Filed 08/12/26     Page 10 of 29

I. An accessible route is not provided from the public street and sidewalk to the public entrance of the Little Italy Pizza premises.
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC § 27-292.5(b); 2008 BC § 1104.1; 2014 BC § 1104.1; and 2022 BC § 1104.1.*

II. The public/primary entrances to the Little Italy Pizza premises are not accessible.
*Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; 2014 BC § 1105.1; and 2022 BC § 1105.1.*

III. No signage identifies an accessible public entrance to the Little Italy Pizza premises (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27-292.18; 2008 BC § 1110; 2014 BC §§ 1101.3.4 and 1110; and 2022 BC §§ 1101.3.4 and 1111.*

IV. There is no directional signage at either of the inaccessible public entrances to the Little Italy Pizza premises that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).
*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; 2014 BC §§ 1101.3.3; and 1110.2; and 2022 BC §§ 1101.3.3; and 1111.2.*

V. The westerly public entrance door to the Little Italy Pizza premises lacks level maneuvering clearances at the exterior (pull) side of the door due to sloping.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to*

10

*the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

VI. The threshold for the westerly public entrance door to the Little Italy Pizza premises is more than one-half inch.
*Defendants fail to provide thresholds at doorways that do not exceed one half inch. See 1991 ADA §§ 4.1.3(7) and 4.13.8; 2010 ADA §§ 404.2.5 and 303; 2008 Ref. Std § 404.2.4; and 2014/2022 Ref Std § 404.2.4.*

VII. The threshold for the westerly public entrance door to the Little Italy Pizza premises has a change in level that is not beveled at a maximum slope of 1:2 and is greater than 1/4-inch.
*Changes in level of ¼ inch high maximum shall be permitted to be vertical. Changes in level between ¼ inch high minimum and ½ inch high maximum shall be beveled with a slope not steeper than 1:2. See 1991 ADA §§ 4.3.8 and 4.5.2; 2010 ADA §§ 303.2 and 303.3; 1968 Ref Std § 4.3.8 and 4.5.2; 2008 Ref Std §§ 303.2 and 303.3; and 2014/2022 Ref Std §§ 303.2 and 303.3.*

VIII. The westerly public entrance door to the Little Italy Pizza premises lacks level maneuvering clearances at the interior (push) side of the door due to pizza display counter.
*Defendants fail to provide minimum maneuvering clearances of 48 inches perpendicular to the door for a forward approach to the push side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

IX. The exterior ramp to westerly public entrance slopes in excess of 8.33%.
*Defendants fail to provide that ramp runs shall have a running slope not steeper than 1:12 at accessible ramps. See 1991 ADA § 4.8.2; 2010 ADA § 405.2; 1968 Ref Std § 4.8.2; 2008 Ref Std § 405.2; and 2014/2022 Ref Std § 405.2.*

X. The exterior ramp to westerly public entrance lacks a top landing of at least 60 inches in length.
*Defendants fail to provide a landing clear length of at least 60 inches long minimum. See 1991 ADA § 4.8.4; 2010 ADA § 405.7.3; 1968 Ref Std § 4.8.4; 2008 Ref. Std § 405.7.3; and 2014/2022 Ref. Std § 405.7.3.*

XI. The easterly public entrance door to the Little Italy Pizza premises lacks level maneuvering clearances at the exterior (push) side of the door due to steps.
*Defendants fail to provide minimum maneuvering clearances of 48 inches perpendicular to the door for a forward approach to the push side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

11

XII.     The easterly public entrance door to the Little Italy Pizza premises lacks level maneuvering clearances at the interior (pull) side of the door due to tables.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

XIII.    There are steps at the exterior side of the easterly public entrance door which create a change in level greater than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014/2022 Ref Std § 303.4.*

XIV.     The easterly public entrance to the Little Italy Pizza premises has steps lacking handrails on both sides.
*Defendants fail to provide handrails on both sides of the stairs.  See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std § 4.9.4; 2008 Ref Std § 505.2; and 2014/2022 Ref Std § 505.2.*

XV.      There is no accessible route of at least 36 inches of minimum width available to disabled customers throughout the Little Italy Pizza premises.
*Defendants fail to provide an accessible route of at least 36 inches. See 1991 ADA § 4.3.3; 2010 ADA § 403.5.1; 1968 Ref Std § 4.3.3; 2008 Ref Std § 403.5; and 2014/2022 Ref Std § 403.5.*

XVI.     The toilet room in the Little Italy Pizza premises is not accessible.
*Defendants fail to provide accessible toilet facilities. See 1991 ADA § 4.1.3(11); 2010 ADA § 213.1; 1968 BC § 27-292.12; 2008 BC § 1109.2; 2014 BC § 1109.2; 2022 BC § 1109.2.*

XVII.    The toilet room doorway does not provide a clear width of 32 inches minimum.
*Defendants fail to provide a doorway with a clear opening of 32 inches minimum.  See 1991 ADA § 4.13.5; 2010 ADA § 404.2.3; 1968 Ref Std § 4.13.5; 2008 Ref Std § 404.2.2; and 2014/2022 Ref Std § 404.2.2.*

XVIII.   The toilet room in the Little Italy Pizza premises is not of sufficient size. There is no accessible turning space in the toilet room in the Little Italy Pizza premises.
*Defendants fail to provide the minimum required turning space of 60 inches in diameter within the toilet rooms or a T-shaped space within a 60*

*inch square minimum with arms and base 36 inches wide minimum, clear of obstructions.  See 1991 ADA § 4.2.3; 2010 ADA § 304.3; 1968 Ref Std § 4.2.3; 2008 Ref Std § 304.3, and 2014/2022 Ref Std § 304.3.*

XIX.    There is no accessible route of at least 36 inches of minimum width available to disabled customers to access the exterior tables.
*Defendants fail to provide an accessible route of at least 36 inches. See 1991 ADA § 4.3.3; 2010 ADA § 403.5.1; 1968 Ref Std § 4.3.3; 2008 Ref Std § 403.5; and 2014/2022 Ref Std § 403.5.*

XX.     There is no accessible interior seating at the Little Italy Pizza premises.
*Defendants fail to provide that at least 10% of the dining surfaces provided to customers are accessible.  See 2022 BC §§ 1108.2.9.1 and 1109.11.*
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XXI.    There are no accessible interior tables.   All tables have chairs and posts/legs that obstruct knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide (due to chairs, table pedestals or table legs and/or booths) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § 902.2; and 2014/2022 Ref Std § 902.2.*

XXII.   There is no accessible exterior seating at the Little Italy Pizza premises.
*Defendants fail to provide that at least 10% of the dining surfaces provided to customers are accessible.  See 2022 BC §§ 1108.2.9.1 and 1109.11.*
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XXIII.  There are no accessible exterior tables.   All tables have chairs and posts/legs that obstruct knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide (due to chairs, table pedestals or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § 902.2; and 2014/2022 Ref Std § 902.2.*

XXIV.   Defendants fail to disperse accessible dining surfaces.
*Defendants fail to provide that accessible dining surfaces shall be dispersed throughout the space or facility containing dining surfaces. See*

13

*1991 ADA § 5.1; 2010 ADA § 226.2; 2008 BC § 1109.11.1; 2014 BC § 1109.10.1; and 2022 BC § 1109.11.1.*

XXV. Accessible tables are not identified by the International Symbol of Accessibility (to the extent Defendants claim they provide accessible table(s)).
*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9); 2014 BC § 1110.1(11); and 2022 BC § 1111.1(12).*

XXVI. The entrances at the Little Italy Pizza premises, which are also exits, are not accessible for the reasons described above.
*Defendants fail to provide accessible means of egress in the number required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; 2014 BC § 1007.1; and 2022 BC § 1009.1.*

60. Plaintiff either personally encountered or has knowledge of such barriers to access.

61. Upon information and belief, a full inspection of the Little Italy Pizza premises will reveal the existence of other barriers to access.

62. To ensure Defendants properly remedy their discriminatory violations and to avoid piecemeal litigation, Plaintiff requires a full inspection of the Little Italy Pizza premises in order to catalogue all of the areas of non-compliance with the ADA, NYSHRL and NYCHRL.  Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

63. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

64. Defendants have not satisfied their statutory obligation to ensure that their policies, practices and procedures for persons with disabilities are compliant with the

14

laws.  Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

65.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Little Italy Pizza premises continue to exist and deter Plaintiff.

66.     As recently as July 2026, Plaintiff observed that the barriers to entry at the Little Italy Pizza premises (*i.e.*, the absence of level maneuvering clearances and the excessively steep exterior ramp at the westerly entrance and the steps at the easterly entrance) remain in place and uncorrected.

67.     The Little Italy Pizza premises is located on the Fulton Street commercial corridor of the South Street Seaport neighborhood of Manhattan, New York.

68.     Plaintiff resides in the South Street Seaport neighborhood of Manhattan, New York, across the street from the Little Italy Pizza premises.

69.     The Little Italy Pizza premises is the most conveniently located pizzeria to Plaintiff's residence.

70.     Plaintiff routinely passes by the Little Italy Pizza premises each time he exits and returns home.

71.     Plaintiff likes the food served at the Little Italy Pizza premises.

72.     Plaintiff, however, does not like that, unlike self-ambulatory patrons, he is not able to dine in with his food at the Little Italy Pizza premises.

73.     Plaintiff also does not like that, unlike self-ambulatory patrons, he must risk harm to personally enter and independently patronize the Little Italy Pizza premises.

15

74.     Plaintiff also does not like that, unlike self-ambulatory patrons, he must rely on others to purchase pizza for him at the Little Italy Pizza premises since he cannot safely enter the premises.

75.     Given the proximity of the Little Italy Pizza premises to Plaintiff's residence and Plaintiff's enjoyment of the pizza served at the Little Italy Pizza premises, Plaintiff intends to personally enter, purchase pizza, and dine inside the premises once the existing accessibility barriers are removed.

76.     Being forced to risk his life safety, due to his disability, to independently purchase pizza from the Little Italy Pizza premises has deterred Plaintiff from patronizing the pizzeria more often than he currently does.

77.     The accessibility barriers have also limited the frequency with which Plaintiff obtains pizza from the Little Italy Pizza premises because doing so requires him to locate and rely upon a stranger to enter the premises and make the purchase on his behalf.

78.     Being forced to rely on the kindness of strangers to purchase pizza on Plaintiff's behalf from the Little Italy Pizza premises has deterred Plaintiff from patronizing the pizzeria more often than he currently does.

79.     Plaintiff, however, intends to personally and independently patronize the Little Italy Pizza premises more often after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

80.     Plaintiff intends to patronize the Little Italy Pizza premises more often after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code because he likes the pizza served at the Little

Italy Pizza premises, it is conveniently located near Plaintiff's residence and it remains open for extended hours.

81.    Plaintiff continues to suffer an injury due to Defendants' maintenance of architectural barriers at the Little Italy Pizza premises.  This is because Plaintiff desires to dine at the pizzeria but Defendants deny Plaintiff the opportunity to do so based on disability because they maintain architectural barriers at the Little Italy Pizza premises.

82.    Plaintiff continues to suffer an injury due to Defendants' maintenance of architectural barriers at the Little Italy Pizza premises.  This is because Plaintiff desires to independently purchase pizza at the pizzeria but Defendants deny Plaintiff the opportunity to do so based on disability because they maintain architectural barriers at the Little Italy Pizza premises.

83.    Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Little Italy Pizza premises.

84.    Because Plaintiff resides in the area, he faces a real and immediate threat of repeated discrimination unless the barriers described herein are removed.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

85.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

86.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

17

87.    The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. § 36.201(b).

88.    Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (*i.e.*, lease agreement).  28 C.F.R. § 36.201(b).

89.    Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

90.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

91.    The Little Italy Pizza premises is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. § 12182(b)(1)(A), (B) and 28 C.F.R. § 36.203.

92.    Defendants failed to make the alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. § 12183(a)(2).

93.    The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

94.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would

be readily achievable to make Defendants' place of public accommodation fully accessible.

95.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

96.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

97.    Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.101 *et seq.*

98.    Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

99.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

100.    Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

101. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

102. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

103. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

104. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants has aided and abetted others in committing disability discrimination.

105. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

106. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required by the NYSHRL (Executive Law § 296(2)(c)(v)).

107. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

108. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

109. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

110. Plaintiff experiences humiliation each time he passes the 50 Fulton Street retail and is confronted with the discriminatory exclusion caused by the architectural barriers at the Little Italy Pizza premises.

111. Plaintiff experiences stress and anxiety knowing that, because of his disability, Defendants exclude him from the Little Italy Pizza premises while providing non-disabled individuals with ready access to that same business.

112. Defendants' conduct has deprived Plaintiff of the dignity and equal treatment guaranteed by the NYSHRL.

113. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

114. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

115. Plaintiff suffers from various medical conditions that, separately and together, impair Plaintiff's bodily systems, in particular, the life activity of both walking

21

and body motion range, and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

116.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code § 8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

117.    Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants has aided and abetted others in committing disability discrimination.

118.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) by maintaining conditions that fail to satisfy the objective accessibility criteria set forth in the 1991 Standards and the 2010 Standards. Those criteria provide evidence that the Little Italy Pizza premises are not readily accessible to or independently usable by Plaintiff.

22

119.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) by maintaining conditions that fail to satisfy the applicable accessibility requirements of the New York City Building Code. Those failures provide further evidence that the Little Italy Pizza premises are not readily accessible to or independently usable by Plaintiff.

120.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

121.    Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

122.    Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space are a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

123.    Defendants knew or should have known that the Little Italy Pizza premises were open and made available to members of the public, including wheelchair users such as Plaintiff, to purchase and consume the food and beverages offered there. Through reasonable inspection, operation, and maintenance of the areas within their ownership or control, Defendants also knew or should have known that the conditions described herein, including the inaccessible public entrances, interfered with wheelchair users' ability to independently access and fully and equally use and enjoy the pizzeria's goods, services, facilities, privileges, advantages, and accommodations.

124.    Plaintiff's use of a wheelchair and resulting mobility limitations are open and obvious.  Prior to the summer of 2024, during each visit, Plaintiff entered the Little Italy Pizza premises using his wheelchair and interacted with Defendants' employees while ordering and paying for his purchases. Defendants therefore knew or should have known of Plaintiff's disability and resulting need for accessible facilities.

125.    Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing and continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

126.    In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

127.    Section 15(b) of the condominium declaration provides that the Landlord Defendants are solely responsible for maintaining and repairing their storefronts and the sidewalk in front of the premises.

128.    Landlord Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in violation of the Administrative Code.

24

129.    Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

130.    Defendants' conduct also violates the NYCHRL, Administrative Code § 8-107(17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

131.    Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

132.    Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' place of public accommodation.

133.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

134.    Plaintiff experiences humiliation each time he passes the 50 Fulton Street retail and is confronted with the discriminatory exclusion caused by the architectural barriers at the Little Italy Pizza premises.

135.     Plaintiff experiences stress and anxiety knowing that, because of his disability, Defendants exclude him from the Little Italy Pizza premises while providing non-disabled individuals with ready access to that same business.

136.     Defendants' conduct has deprived Plaintiff of the dignity and equal treatment guaranteed by the NYCHRL.

137.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

138.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

139.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

140.     By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from non-compliant spaces and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

141.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

26

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

142.    Plaintiff realleges and incorporates by reference all allegations previously set forth in this Complaint as if fully set forth herein.

143.    As set forth in Plaintiff's Second Cause of Action, Plaintiff is an individual with a disability pursuant to Executive Law § 292(21).

144.    As set forth in Plaintiff's Second Cause of Action, Defendants discriminated against Plaintiff because of disability in violation of the NYSHRL.

145.    As set forth in Plaintiff's Second Cause of Action, Defendants continue to subject Plaintiff to discrimination because of disability in violation of the NYSHRL.

146.    Defendants violated and continue to violate Civil Rights Law § 40-c by subjecting Plaintiff to discrimination in violation of the NYSHRL.

147.    Plaintiff, the individual subjected to discrimination by Defendants, is a "person aggrieved" pursuant to Civil Rights Law § 40-d.

148.    An entity that violates Civil Rights Law § 40-c is liable for a penalty of not less than one hundred ($100) dollars nor more than five hundred ($500) dollars, for each and every violation of section 40-c. Civil Rights Law § 40-d.

149.    The penalty for each and every violation of section 40-c is recoverable by Plaintiff, as the person aggrieved.

150.    Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law § 40-d for each and every violation of Civil Rights Law § 40-c.

151.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

27

## INJUNCTIVE RELIEF

152.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

153.     Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

154.     Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

28

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: August 12, 2026

Respectfully submitted,

**HANSKI PARTNERS LLC**

By:    /s/ Robert G. Hanski
     Robert G. Hanski, Esq.
     *Attorneys for Plaintiff*
     4 International Drive, Suite 110
     Rye Brook, NY 10573
     Telephone: (212) 248-7400
     Email: rgh@disabilityrightsny.com

29